UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSEPH GUNNAR & CO. LLC,

                      Plaintiff,

          -against-

LUXURBAN HOTELS, INC.,

                      Defendant.
-------------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff Joseph Gunnar & Co. LLC ("Plaintiff") by its attorneys complaining of Defendant LuxUrban Hotels, Inc. ("Defendant"), sets forth and alleges as follows:

## PARTIES

1.    Plaintiff is a Delaware LLC with its principal place of business at 625 RXR Plaza, Uniondale, N.Y. in the County of Nassau, State of New York. The constituent members of the Plaintiff LLC are all New York residents or residents of a state other than the State of Florida. See, Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012)

2.    Upon information and belief, Defendant LuxUrban Hotels, Inc. is a foreign corporation with its principal place of business at 2125 Biscayne Boulevard, Miami, Florida.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) and under principles of supplemental jurisdiction (28 U.S.C. §1367) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Venue is proper in this district under 28 U.S.C. §1391(b)(2) in that a substantial part

of the events or omissions giving rise to the claim occurred, and the parties irrevocably submitted to jurisdiction of, <u>inter alia</u>, this Court.

## FACTS

5.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "4" inclusive hereof, as if the same were more fully set forth at length herein.

6.    Whenever in this complaint it is alleged that Defendant did any act or omission, it is meant that Defendant itself or their agents, officers, servants, employees, and/or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of agency or employment of/by Defendant and their agents, officers, servants, employees, and/or representatives.

7.    That on or about December 18, 2023, Plaintiff and Defendant entered into an agreement whereby Plaintiff was engaged to provide advisory services as more fully set forth in the terms of a letter agreement annexed hereto as Exhibit 1 ("Agreement").

8.    Pursuant to the terms of the Agreement, the Defendant agreed to pay Plaintiff $100,000 no later than December 27, 2023, $50,000 no later than January 31, 2024, and $25,000 per month for each of the months of February, March, April, and May, 2024. Defendant has partially performed under the Agreement, having paid having paid Plaintiff $100,000 under the terms of the Agreement, but is in default of payment of the remaining sums due totaling $150,000. Accordingly, Plaintiff asserts its claims under the Agreement for breach of contract seeking not less than $150,000 plus interest, costs and disbursements.

9. Pursuant to the further terms of the Agreement, Plaintiff was granted the right to act as lead underwriter and/or placement agent for any debt, equity, or equity-linked securities financing of the Defendant or warrant solicitation agent for the Defendant. Pursuant to the terms of the Agreement Plaintiff was entitled to a commission of seven (7%) percent on any Private Placement of debt, equity, or equity-linked securities of the Defendant; a commission of seven (7%) percent on any Public Offering of equity securities of the Defendant; and a commission of six (6%) percent on the proceeds received by the Defendant as a result of Warrant Solicitations on behalf of the Defendant.

10. Defendant engaged in a public offering of securities through another underwriter raising approximately $7,000,000 as a result, thereby ignoring Plaintiff's right to act as same in breach of the Agreement.

11. Accordingly, Plaintiff asserts its claims under the Agreement for breach of contract seeking additional damages of not less than $500,000 plus interest, costs and disbursements.

12. Plaintiff has fully performed all the terms and conditions required under the Agreement and is not itself in breach of the Agreement.

13. By virtue of the foregoing, Plaintiff has been damaged in an amount to be proved, but believed to be $650,000.

### AS AND FOR ITS FIRST CAUSE OF ACTION
### (Breach of Contract)

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked and numbered "1" through "4" and "6" through "13" inclusive hereof, as if the same were more fully set forth at length herein.

15. Pursuant to the parties' Agreement, Plaintiff agreed to provide advisory services the Defendant.

16. Pursuant to the parties' Agreement, Plaintiff possessed certain valuable rights to act as underwriter or placement agent of the Defendant's securities.

17. Plaintiff fully performed the services required under the Agreement and is not itself in breach of the Agreement.

18. Defendant has breached the parties' Agreement by refusing to compensate Plaintiff in accordance therewith and in acting in derogation of Plaintiff's contractual right to act as underwriter of the Defendant's securities.

19. By virtue of the foregoing, Plaintiff has been damaged in an amount to be proved, but believed to be $650,000, or an appropriate amount to be determined by the Court, plus any and all additional damages available under the Agreement or at law.

**WHEREFORE**, by reason of, as cause of and in consequence of Defendant's breaches, Plaintiff requests: (i) compensatory damages in an amount to be proved but believed to be $650,000; (ii) interest from the date of loss to the date of the award and payment of final judgment herein; (iii) reasonable attorney's fees; (iv) costs, expert and witness fees; and (v) for such other further and different relief as to the Court seem appropriate and just.

Dated: Mineola, N.Y.
June 14, 2024

Yours, etc.

JOHN E. LAWLOR, ESQ.
129 Third Street
Mineola, New York 11501
Tel. No. (516) 248-7700
Fax No. (516) 742-7675
JLawlor@johnelawlor.com
*Attorneys for Plaintiff*

To:  LuxUrban Hotels, Inc.
     2125 Biscayne Boulevard
     Miami, Florida.